# UNITED STATES DISTRICT COURT

## Middle District of Alabama

| UNITED STATES OF AMERICA<br>v. | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release) |
|---|---|
| WALTER HENRY VANDERGRIFT, JR. | Case No. 2:04cr033-WHA<br>USM No. 11396-002 |
| | James Roy Houts<br>Defendant's Attorney |

**THE DEFENDANT:**

☐ admitted guilt to violation of condition(s) _____ of the term of supervision.

✔ was found in violation of condition(s) count(s) _1-5 of the amended petition_ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to work regularly at a lawful occupation | 5/2012 |
| 2 | Failure to follow probation officer's instructions | 5/2012 |
| 3 | Failure to answer truthfully all inquiries by the probation officer | 5/3/2012 |
| 4 | Possession of sexually stimulating material | 5/9/2012 |
| 5 | Failure to refrain from committing another federal, state or local crime | 5/3/2012 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 3198

Defendant's Year of Birth: 1968

City and State of Defendant's Residence:
Montgomery, AL

May 30, 2012
Date of Imposition of Judgment

/s/ W. Harold Albritton
Signature of Judge

W. Harold Albritton, Senior U. S. District Judge
Name and Title of Judge

May 31, 2012
Date

DEFENDANT:     WALTER HENRY VANDERGRIFT, JR.
CASE NUMBER:   2:04cr033-WHA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of :

**24 months.**
It is ORDERED that the term of supervised release imposed on October 13, 2004, is REVOKED. The court has taken into consideration the policy statements in Chapter 7 of the Guidelines Manual, the guideline range, and all relevant information in imposing the sentence at 24 months.

- ✔ The court makes the following recommendations to the Bureau of Prisons:
  The court recommends that the Defendant be designated to a facility where vocational training is available. The court further recommends that the Defendant be designated to a facility where Defendant can be diagnosed, and if appropriate, treated, for bipolar disorder.

- ✔ The defendant is remanded to the custody of the United States Marshal.

- ☐ The defendant shall surrender to the United States Marshal for this district:
  - ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .
  - ☐ as notified by the United States Marshal.

- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - ☐ before 2 p.m. on _____ .
  - ☐ as notified by the United States Marshal.
  - ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: WALTER HENRY VANDRGRIFT, JR.
CASE NUMBER: 2:04cr033-WHA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**ONE (1) YEAR.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ✓ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if
- ✓ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ✓ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page 4 of 4

DEFENDANT:      WALTER HENRY VANDERGRIFT, JR.
CASE NUMBER:    2:04cr033-WHA

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall participate in the location monitoring program and shall comply with the conditions of home detention, which will be monitored by a location monitoring system (Active GPS), for a period of twelve (12) months, to begin at a time determined by the probation officer. Defendant shall wear (a) location monitoring device(s) and follow the monitoring procedures specified by the probation officer. Defendant shall pay all costs of the program based on his ability to pay and the availability of third-party payments as determined by the U. S. probation officer.

Defendant shall attend and participate in mental health testing and/or treatment to include sex offender treatment as approved by the U. S. Probation Officer. Defendant shall abide by all policies and procedures of the sex offender program. During the course of the treatment, Defendant shall be subject to periodic and random polygraph examinations as directed by the probation officer. Defendant shall contribute to the cost of any treatment (to include polygraph testing) based on ability to pay and availability of third party payments. Any refusal to submit to such assessments or tests as scheduled is a violation of the conditions of supervised release.

Defendant shall waive his right of confidentiality in any records for mental health treatment imposed as a consequence of this judgment to allow the probation officer to review his course of treatment and progress with the treatment provider.

Defendant shall not have contact with children under the age of 18 unless approved by the probation officer. Defendant shall not loiter within 100 feet of schoolyards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

Defendant shall not reside in any home or residence where a child under the age of 18 years lives, without prior approval of the probation officer. Defendant may change his residence only with the approval of his probation officer.

Defendant shall not be employed in any capacity (self or for others) which may cause the Defendant to come into direct contact with children, except under circumstances approved in advance by the probation officer. Defendant shall not participate in any volunteer activities that may cause the Defendant to come into direct contact with children under the age of 18, except under circumstances approved in advance by the probation officer.

Defendant is not to possess or access any pre-recorded or live materials in any medium (including, but not limited to photographs, paintings, drawings, literature, documents, television, satellite, cable services, pay-per-view, telephone services, audiotapes, or digitally stored materials on the internet, computers, cd-roms, or other sources) that may be used for the purpose of sexual arousal or stimulation, nor shall he frequent any place where such material is available.

Defendant shall not possess or use a computer with access to any on-line computer service at any location (including employment) without the prior approval of the probation officer. This includes any internet service provider, bulletin board system, or any other public or private computer network. Defendant shall not possess or use any data encryption technique or program.

Defendant shall submit to the probation officer and/or probation service representative conducting periodic unannounced examinations of the Defendant's computer equipment (including any computer(s) in his residence) which may include retrieval and copying of all data from the computer and any internal or external peripherals to ensure compliance with his conditions of supervision and/or removal of such equipment for the purpose of conducting a more thorough inspection, and allow at the direction of the probation officer installation on his computer, at the Defendant's expense, any hardware or software systems to monitor his computer use.

Defendant shall consent to third party notification to any employer or potential employer.

Defendant shall provide the probation officer access to any requested financial information to verify there have been no payments to an internet server or entities that provide access to the internet.

Defendant shall register with the state sex offender registration agency in any state where the Defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer.

Defendant shall not possess any type of camera, video recording or data storage device.

Defendant shall not use, possess, or have access to any electronic media with internet capabilities. This includes cell phones, computer tablets (IPAD, Motorola XOOM), game systems (PS3, XBOX, etc.) or other devices that can record images and store data and allow communication via the internet.

Defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.